UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICKEY LOCKLEAR, | ) | Civ. 10-4174-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DISMISSING PETITION |
| DOUGLAS WEBER, Warden, | ) | FOR HABEAS CORPUS |
| South Dakota State Penitentiary; | ) | |
| and MARTY J. JACKLEY, Attorney | ) | |
| General, State of South Dakota; | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Mickey Locklear, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondents move to dismiss his petition, arguing it is time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Because over three years have elapsed since his conviction became final, Locklear's petition for writ of habeas corpus is dismissed.

## DISCUSSION

### I.  The AEDPA Statute of Limitations Has Lapsed

Under the AEDPA, state prisoners have one year to file their federal petitions for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is triggered by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). If a prisoner files a petition for

certiorari, then his conviction becomes final upon "the completion or denial of certiorari proceedings before the United States Supreme Court." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). If the prisoner does not file a petition with the United States Supreme Court, then his conviction becomes final when the time for filing that petition expires, so long as the Supreme Court could have reviewed his direct appeal. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008).

The statute of limitations is tolled during the time that an application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). But the time between the date that a state post-conviction challenge becomes final and the date of the filing of a federal habeas petition counts against the one-year period. Because a federal habeas petition is not an application for "state post conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), the limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

On June 4, 2003, Judge Gene Paul Kean entered Locklear's judgment of conviction. Docket 15-1. It was filed the same day. Locklear then had thirty days to file an appeal with the South Dakota Supreme Court. *See* SDCL 23A-32-15. "An appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed." Locklear filed a direct

appeal with the Supreme Court of South Dakota on June 17, 2003. Docket 15-2. On March 18, 2004, the South Dakota Supreme Court affirmed his conviction and it became final. Docket 15-3. Locklear did not seek a writ of certiorari from the United States Supreme Court. Even if Locklear is afforded 90 days to seek certiorari, his conviction became final no later than June 16, 2004, when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1). Thus, he had until June 16, 2005, to file a petition for federal habeas relief.

On December 12, 2007, Locklear filed his first federal petition for writ of habeas corpus. *See* Civ. 07-4182. On April 3, 2008, United States District Judge Lawrence L. Piersol granted respondents' motion to dismiss without prejudice for failure to exhaust state remedies, but he did not grant a stay or hold the case in abeyance as permitted by *Rhines v. Weber*, 544 U.S. 269 (2005). *See* Civ. 07-4182, Docket 24 (adopting report and recommendation); Docket 22, Report and Recommendation (noting that because Locklear's petition contained only unexhausted claims a stay under *Rhines* was inappropriate and his petition was subject to dismissal for failure to exhaust state remedies). Because the filing of a federal petition does not toll the limitations period, the period during which his federal petition was pending counts against the statute of limitations.

Approximately 1,369 days or about 3 years and 9 months elapsed between June 16, 2004, the date Locklear's conviction became final, and March 17, 2008, the date he sought state habeas relief. See Docket 15-4, Application for Writ of Habeas Corpus. Locklear filed an amended application for state habeas corpus on November 25, 2009. State Circuit Judge William J. Srstka, Jr. denied Locklear's petition on April 27, 2010. Docket 15-5. On April 29, 2010, an order dismissing Locklear's petition was filed. Docket 15-6. Locklear then filed a motion to reconsider on May 6, 2010, which the state circuit court denied on June 3, 2010. Locklear subsequently applied for a certificate of probable cause, which the court denied on June 3, 2010. Docket 15-9. The South Dakota Supreme Court denied Locklear's motion for a certificate of probable cause on October 30, 2010. Docket 15-10. His state habeas action became final on that date and the statute of limitations began to run again.

Approximately 53 days elapsed before Locklear filed this federal petition on December 22, 2010. Thus, the total time that counts against Locklear is approximately 1,422 days or 3 years, 10 months, and 23 days. As a result, Locklear's petition for federal habeas corpus relief is dismissed because it is time-barred under § 2244(d)(1).

## II.     Equitable Tolling Does Not Apply

Under the AEDPA, equitable tolling is available to a state prisoner applying for federal habeas relief in extraordinary circumstances. 28 U.S.C. § 2241(d)(1); *Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010). Locklear has not shown he is entitled to equitable tolling. That is, he has not shown " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Locklear waited over three years before filing his federal petition, and he has made no showing that any extraordinary circumstances stood in his way to prevent him from filing a timely petition. Accordingly, he is not entitled to equitable relief from the AEDPA's one-year statute of limitations.

## CONCLUSION

Locklear's petition for habeas corpus is barred by the one-year statute of limitations applicable to federal petitions for habeas corpus. He has not demonstrated that he is entitled to equitable tolling of the time period. It is

ORDERED that respondents' motion to dismiss Locklear's application for writ of habeas corpus (Docket 15) is granted, and Locklear's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is dismissed.

Locklear is notified that **he may not appeal the dismissal of his petition unless he receives a certificate of appealability from this**

**court.** In order to receive a certificate of appealability, Locklear is required to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases for the United States District Courts, **Locklear will have 30 days to submit arguments on whether a certificate of appealability should issue. Locklear is directed to <u>identify the issues</u> for which he seeks a certificate of appealability.**

Dated May 16, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

6