UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICKEY LOCKLEAR, | ) | Civ. 10-4174-KES |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary; | ) | |
| and MARTY J. JACKLEY, Attorney | ) | |
| General, State of South Dakota; | ) | |
| | ) | |
|     Respondents. | ) | |

    Petitioner, Mickey Locklear, moves for a certificate of appealability and leave to proceed in forma pauperis on appeal. On May 16, 2011, this court dismissed Locklear's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Locklear's petition was dismissed because it was barred by the one-year statute of limitations applicable to federal petitions for writ of habeas corpus. Nearly four years count against Locklear under the statute of limitations set forth at 28 U.S.C. § 2244(d)(1).

    In order to receive a certificate of appealability, Locklear must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)((2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009) (citing *Cox v. Norris*, 133 F.3d 565, 596 (8th Cir. 1997)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This court denied his petition based upon the one-year statute of limitations applicable to § 2254 proceedings, a procedural ground. *See Watts v. Norris*, 356 F.3d 937 (8th Cir. 2004) (characterizing the statute of limitations set forth at 28 U.S.C. § 2244(d) as a procedural defense). Reasonable jurists could not differ about whether Locklear's petition was time barred. *See United States v. Smith*, No. Cr07-0036, 2009 WL 224482 (N.D. Iowa Jan. 29, 2009) (denying certificate of appealability where petition was clearly barred by the AEDPA one-year statute of limitations); *Hartfield v. Minnesota*, No. 08-831, 2008 WL 2002190 (D. Minn. May 6, 2008) (denying certificate of appealability because petition was dismissed as time barred). Nor did Locklear argue that equitable tolling should apply. Accordingly, Locklear's motion for a certificate of appealability is denied because he has failed to make a substantial showing of the denial of a constitutional right.

Locklear also moves for leave to proceed in forma pauperis on appeal. Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court . . . certifies that the appeal is not taken in good faith or otherwise finds that the party is not otherwise entitled to proceed in forma pauperis[.]

Locklear was granted leave to proceed in forma pauperis on his habeas claim in this court. His appeal appears to be taken in good faith and there is no indication that he is not otherwise entitled to proceed in forma pauperis. Accordingly, Locklear's motion to proceed in forma pauperis on appeal is granted. It is

ORDERED that Locklear's motion for a certificate of appealability (Docket 20) is denied and Locklear's motion for leave to proceed in forma pauperis on appeal (Docket 23) is granted.

Dated July 11, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE